UNTIED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COLLEEN A. GLYNN, CHRISTOPHER P. WELLING**

    In their capacity as Trustees and
Fiduciaries of ERISA Plans

and

**DOUGLAS C. ANDERSON**,

    On his own behalf and on behalf
of others similarly situated,

    Plaintiffs,

vs.

**MARTIN SPORTS & ENTERTAINMENT, LLC**,
**DAVID MARTIN and THERESA MARTIN**,

    Defendants.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

### INTRODUCTION.

1. This is an action brought by fiduciaries of ERISA plans seeking to collect contributions from the defendant company that were/are owed under the terms of a collective bargaining agreement. This action also includes a state-law claim for nonpayment of wages brought by a former employee of defendants on his own behalf and on behalf of others similarly situated pursuant to Massachusetts General Laws, Chapter 149, Section 150.

**PARTIES.**

2.      Plaintiff Colleen A. Glynn is a Trustee and Fiduciary of the following ERISA Plans, each of which is administered at Fund offices located at 152 Old Colony Avenue, South Boston, Massachusetts: Pension Fund of Local No. 11, I.A.T.S.E.; and International Alliance of Stage Employees Local 11 Section 401(k) Plan.

3.      Plaintiff Christopher P. Welling is a Trustee and Fiduciary of the IATSE Local 11 Joint Apprentice Committee Educational Fund with a Fund office also located at 152 Old Colony Avenue, South Boston, Massachusetts.

4.      Plaintiff Douglas C. Anderson is a natural person who resides at 16 Harvard Street, Charlestown, Massachusetts. Plaintiff brings this action on his own behalf and on behalf of others similarly situated, specifically, the individuals identified on **Exhibit A,** which is the "Right to Sue" letter from the Massachusetts Office of Attorney General Maura Healey.

5.      Defendant Martin Sports & Entertainment, LLC is a limited liability company with a mailing address of P.O. Box 252084, West Bloomfield, Michigan 48325, and with the following registered office and registered agent: Registered Agents, Inc., 2222 West Grand River Avenue, Suite A, Okemos, Michigan 48864.

6.      Defendant David Martin is the President and CEO of Martin Sports & Entertainment, LLC and in that capacity controls, directs and participates to a substantial degree in formulating and determining policy of Martin Sports & Entertainment, LLC and, as such, is liable for violations of Massachusetts General Laws Chapter 149, Section 148. *See Cook v. Patient Edu. LLC*, 465 Mass. 548 (2013).

7.      Defendant Theresa Martin is a manager of Martin Sports & Entertainment, LLC and in that capacity controls, directs and participates to a substantial degree in formulating and

determining policy of Martin Sports & Entertainment, LLC and, as such, is also liable for violations of Massachusetts General Laws Chapter 149, Section 148.

## JURISDICTION AND VENUE.

8.     This Court has exclusive jurisdiction over the claims brought by the ERISA Fiduciaries pursuant to ERISA Section 502(e)(1), 29 U.S.C Section 1132(e)(1), and supplemental jurisdiction over the state-law claim pursuant to 28 U.S.C Section 1367(a).  Venue is appropriate in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C Section 1132(e)(2).

## FACTS.

9.     On May 9, 27 and 29, Defendant Martin Sport & Entertainment, LLC produced the Boston Bruins' Fan Fest before the Boston Bruins' hockey playoff home games.

10.     On May 8, 2019, Defendant Martin Sport & Entertainment, LLC entered into a collective bargaining agreement with IATSE, Local 11 under which Local 11 would supply stagehands to perform services related to the Boston Bruins' Fan Fest produced by Defendant Martin Sport & Entertainment, LLC. A copy of that collective bargaining agreement is **Exhibit B**.

11.     On May 20, 2019 and June 4, 2019, ART Payroll sent invoices to Defendant Martin Sport & Entertainment, LLC related to the services provided by the Local 11 referred stagehands.  The invoices are **Exhibit C** and **D**. The invoices reflected the amounts owed by Defendants for the work performed by employees of Defendants related to the Boston Bruins' Fan Fest.

12.     Despite repeated requests, Defendant Martin Sport & Entertainment, LLC refused and failed to pay the wages and ERISA plan contributions as invoiced by ART Payroll.

13.     Plaintiff Anderson and the similarly situated individuals provided the services related to the unpaid invoices.

14.     Plaintiff Anderson and the similarly situated individuals filed Nonpayment of Wage Complaints with the Office of Attorney General Maura Healey under Chapter 149, Section 150; and they, subsequently, received a Right to Sue letter (**Exhibit A**).

### CAUSE OF ACTION ONE.

**(Claim for Delinquent Contributions under ERISA Sections 502(a)(3) and 515)**

15.     Plaintiffs Glynn and Welling reallege the allegations set out in paragraphs 1-14 above.

16.     In accordance with the terms of its collective bargaining agreement with IATSE Local 11, Martin Sports & Entertainment, LLC owed the respective Funds the following amounts for worked performed under the collective bargaining agreement related to the Boston Bruins' Fan Fest:  Pension Fund of Local No. 11, I.A.T.S.E. ($2,721.23); International Alliance of Stage Employees Local 11 Section 401(k) Plan ($680.31); and IATSE Local 11 Joint Apprentice Committee Educational Fund ($226.77).

### PRAYER FOR RELIEF

17.     Wherefore, Plaintiffs Glynn and Welling request that the Court enter judgment against Defendant Martin Sport & Entertainment, LLC in the amount of $3,628.31; that the Court also award Plaintiffs interest on the unpaid contributions equal to 18% per annum; liquidated damages equal to an additional 18% per annum; and Plaintiffs' attorneys' fees and costs, all as provided for and required by Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132(g)(2).

### CAUSE OF ACTION TWO.

**(Claim under Massachusetts General Laws Chapter 149, Section 150)**

18.     Plaintiff Anderson realleges the allegations set out in paragraphs 1-14 above.

19. Defendants failed to pay Plaintiff Anderson and the similarly situated individuals $22,676.94 in wages and, as such, violated Massachusetts General Laws Chapter 149, Section 148.

20. Under Massachusetts General Laws Chapter 149, Section 150, Plaintiff Anderson and the similarly situated individuals are entitle to treble damages plus their attorneys' fees and costs.

### PRAYER FOR RELIEF

21. Wherefore, Plaintiff Anderson and the similarly situated individuals request that the Court enter judgment, jointly and severally, against Defendants Martin Sport & Entertainment, LLC, David Martin and Theresa Martin in the amount of $68,030.82; and that the Court award them their attorneys' fees and costs.

For the Plaintiffs,

**COLLEEN GLYNN, CHRISTOPHER WELLING AND DOUGLAS C. ANDERSON,**

By their Attorney,

/*Gabriel O. Dumont, Jr.*/
Gabriel O. Dumont, Jr.
BBO#137820
**DUMONT, MORRIS AND BURKE, P.C.**
141 Tremont Street, Suite 500
Boston, Massachusetts 02111
(617) 227-7272
gdumont@dmbpc.net

October 22, 2019