UNTIED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COLLEEN A. GLYNN, CHRISTOPHER P. WELLING

In their capacity as Trustees and
Fiduciaries of ERISA Plans

and

DOUGLAS C. ANDERSON,

On his own behalf and on behalf
of others similarly situated,

       Plaintiffs,

vs.

**MARTIN SPORTS & ENTERTAINMENT, LLC,
DAVID MARTIN and THERESA MARTIN,**

       Defendants.

**Case 1:19-cv-12189-IT**
**Hon. Indira Talwani**

## ANSWER TO COMPLAINT

Defendants, Martin Sports & Entertainment, LLL ("Martin Sports"), David Martin, and Theresa Martin (collectively "Defendants"), by their attorneys, answer the Complaint of Plaintiffs as follows:

### INTRODUCTION

1. This is an action brought by fiduciaries of ERISA plans seeking to collect contributions from the defendant company that were/are owed under the terms of a collective bargaining agreement. This action also includes a state-law claim for nonpayment of wages brought by a former employee of defendants on his own behalf and on behalf of others similarly situated pursuant to Massachusetts General Laws, Chapter 149, Section 150.

**Answer:** Defendants Martin Sports & Entertainment, LLL ("Martin Sports"), David Martin, and Theresa Martin ("collectively "Defendants") admit only the allegations as pleaded pertaining to the nature of the action, and they deny the remaining allegations and any express or implied allegations pertaining to wrongful conduct of any kind, violation of Massachusetts General Law, and the existence, terms, and/or breach of an enforceable collective bargaining agreement because these are untrue and predicated on erroneous conclusions of law.

**PARTIES**

2.     Plaintiff Colleen A. Glynn is a Trustee and Fiduciary of the following ERISA Plans, each of which is administered at Fund offices located at 152 Old Colony Avenue, South Boston, Massachusetts: Pension Fund of Local No. 1 I, I.A.T.S.E.; and International Alliance of Stage Employees Local 11 Section 401(k) Plan,

**Answer:** Defendants are without knowledge or information sufficient to form a believe as to the truth of the allegations as pleaded and, accordingly, hold Plaintiffs to their proofs as to these.

3.     Plaintiff Christopher P. Welling is a Trustee and Fiduciary of the IATSE Local 11 Joint Apprentice Committee Educational Fund with a Fund office also located at 152 Old Colony Avenue, South Boston, Massachusetts.

**Answer:** Defendants are without knowledge or information sufficient to form a believe as to the truth of the allegations as pleaded and, accordingly, hold Plaintiffs to their proofs as to these.

4.     Plaintiff Douglas C. Anderson is a natural person who resides at 16 Harvard Street, Charlestown, Massachusetts. Plaintiff brings this action on his own behalf and on

behalf of others similarly situated, specifically, the individuals identified on Exhibit. A, which is the "Right to Sue" letter from the Massachusetts Office of Attorney General Maura Healey.

**Answer:** Defendants are without knowledge or information sufficient to form a believe as to the truth of the allegations as pleaded in the first sentence and those pertaining to Exhibit A in the second sentence and, accordingly, hold Plaintiffs to their proofs as to these. Defendants deny the remaining allegations of this paragraph and express or implied allegations that the Attorney General appropriately exercised jurisdiction to issue the referenced Right to Sue Letter and that Plaintiff Anderson has standing to represent himself and others in this action because such allegations are untrue and predicated on erroneous conclusions of law.

5.      Defendant Martin Sports & Entertainment, LLC is a limited liability company with a mailing address of P.O. Box 252084, West Bloomfield, Michigan 48325, and with the following registered office and registered agent: Registered Agents, Inc., 2222 West Grand River Avenue, Suite A, Okemos, Michigan 48864.

**Answer:** Defendants admit the allegations as pleaded.

6.      Defendant David Martin is the President and CEO of Martin Sports & Entertainment, LLC and in that capacity controls, directs and participates to a substantial degree in formulating and determining policy of Martin Sports & Entertainment, LLC and, as such, is liable for violations of Massachusetts General Laws Chapter 149, Section 148. *See Cook v. Patient Edu, LLC,* 465 Mass. 548 (2013).

**Answer:** Defendants admits the allegations as pleaded pertaining to David Martin's position and responsibilities, but they deny the remaining allegations of this paragraph because these are untrue and predicated on erroneous conclusions of law.

7. Defendant Theresa Martin is a manager of Martin Sports & Entertainment, LLC and in that capacity controls, directs and participates to a substantial degree in formulating and determining policy of Martin Sports & Entertainment, LLC and, as such, is also liable for violations of Massachusetts General Laws Chapter 149, Section 148.

**Answer:** Defendants deny the allegations as pleaded because these are untrue and predicated on erroneous conclusions of law.

## JURISDICTION AND VENUE

8. This Court has exclusive jurisdiction over the claims brought by the ERISA Fiduciaries pursuant to ERISA Section 502(e)(1), 29 U.S.C. Section 1132(e)(1), and supplemental jurisdiction over the state-law claim pursuant to 28 U.S.C. Section 1367(a). Venue is appropriate in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.0 Section 1132(e)(2).

**Answer:** Defendants neither admit nor deny the allegations as pleaded because these constitute legal conclusions as to which no answer is required.

## FACTS

9. On May 9, 27 and 29, Defendant Martin Sport & Entertainment, LLC produced the Boston Bruins' Fan Fest before the Boston Bruins' hockey playoff home games.

**Answer:** Defendants admit the allegations as pleaded.

10. On May 8, 2019, Defendant Martin Sport & Entertainment, LLC entered into a collective bargaining agreement with IATSE, Local 11 under which Local 11 would supply stagehands to perform services related to the Boston Bruins' Fan Fest produced by Defendant Martin Sport & Entertainment, LLC. A copy of that collective bargaining agreement is Exhibit B.

**Answer:** Defendants deny the allegations as pleaded in the first sentence because these are untrue and predicated on erroneous conclusions of law. In further answer, Defendants state that the alleged collective bargaining agreement and trust agreement are unenforceable because: each is not a valid agreement within the meaning of 29 U.S. C. 158(f) or one obtained consistent with the requirements of 29 U.S. C. 159(a); these were procured by acts of fraud and misrepresentation by Plaintiff Glynn as a business agent for IATSE, Local 11; there was no requisite bargaining over, consideration for, acceptance of, or mutuality with respect to the terms of the alleged agreements; the alleged agreements were signed by someone without authority to bind Martin Sports and without authorization from Martin Sports; and it was represented by Plaintiff Glynn to Defendant Theresa Martin that each alleged agreement was a "standard one time agreement." In answer to the second sentence, Defendants admit only that Exhibit B includes a copy of each alleged agreement upon which Plaintiffs' rely.

11. On May 20, 2019 and June 4, 2019, ART Payroll sent invoices to May 20, 2019 and June 4, 2019 related to the services provided by the Local 11 referred stagehands. The invoices are Exhibit C and **D.** The invoices reflected the amounts owed by Defendants for the work performed by employees of Defendants related to the Boston Bruins' Fan Fest.

**Answer:** Defendants admit that copies of invoices, dated May 20, 2019, and June 4, 2019, and attached as Exhibits C and D to Plaintiffs' Complaint, were sent to Martin Sports on May 20, 2019, and June 4, 2019, but they deny remaining allegations of this paragraph because these are untrue and predicated on erroneous conclusions of law. In further answer, Defendants state that the alleged collective bargaining agreement and trust agreement are unenforceable because: each is not a valid agreement within the meaning of 29 U.S. C. 158(f)

or one obtained consistent with the requirements of 29 U. S. C. 159(a); these were procured by acts of fraud and misrepresentation by Plaintiff Glynn as a business agent for IATSE, Local 11; there was no requisite bargaining over, consideration for, acceptance of, or mutuality with respect to the terms of the alleged agreements; the alleged agreements were signed by someone without authority to bind Martin Sports and without authorization from Martin Sports; it was represented by Plaintiff Glynn to Defendant Theresa Martin that each alleged agreement was a "standard one-time agreement;" and IATSE, Local 11 and/or Art Payroll overcharged Martin Sports for costs of labor contrary to terms to which Martin Sports and IATSE, Local 11 had agreed.

12. Despite repeated requests, Defendant Martin Sport & Entertainment, LLC refused and failed to pay the wages and ERISA plan contributions as invoiced by ART Payroll.

**Answer:** Defendants admit the allegations as pleaded. In further answer, Defendants state that the alleged collective bargaining agreement and trust agreement are unenforceable because: each is not a valid agreement within the meaning of 29 U. S. C. 158(f) or one obtained consistent with the requirements of 29 U. S. C. 159(a); these were procured by acts of fraud and misrepresentation by Plaintiff Glynn as a business agent for IATSE, Local 11; there was no requisite bargaining over, consideration for, acceptance of, or mutuality with respect to the terms of the alleged agreements; the alleged agreements were signed by someone without authority to bind Martin Sports and without authorization from Martin Sports; it was represented by Plaintiff Glynn to Defendant Theresa Martin that each alleged agreement was a "standard one time agreement;" IATSE, Local 11 and/or Art Payroll overcharged Martin Sports for costs of labor contrary to terms to which Martin Sports and IATSE, Local 11 had agreed; and IATSE, Local 11 and/or Art Payroll refuse to provide

invoices to Martin Sports for costs of labor that comport with the terms to which Martin Sports and IATSE, Local 11 had agreed.

13. Plaintiff Anderson and the similarly situated individuals provided the services related to the unpaid invoices.

**Answer:** Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and, according, hold Plaintiffs to their proofs as to these. In further answer, Defendants state that the alleged collective bargaining agreement and trust agreement are unenforceable because: each is not a valid agreement within the meaning of 29 U.S. C. 158(f) or one obtained consistent with the requirements of 29 U.S. C. 159(a); these were procured by acts of fraud and misrepresentation by Plaintiff Glynn as a business agent for IATSE, Local 11; there was no requisite bargaining over, consideration for, acceptance of, or mutuality with respect to the terms of the alleged agreements; the alleged agreements were signed by someone without authority to bind Martin Sports and without authorization from Martin Sports; it was represented by Plaintiff Glynn to Defendant Theresa Martin that each alleged agreement was a "standard one time agreement;" IATSE, Local 11 and/or Art Payroll overcharged Martin Sports for costs of labor contrary to terms to which Martin Sports and IATSE, Local 11 had agreed; and IATSE, Local 11 and/or Art Payroll refuse to provide invoices to Martin Sports for costs of labor that comport with the terms to which Martin Sports and IATSE, Local 11 had agreed.

14. Plaintiff Anderson and the similarly situated individuals filed Nonpayment of Wage Complaints with the Office of Attorney General Maura Healey under Chapter 149, Section 150; and they, subsequently, received a Right to Sue letter (Exhibit A).

**Answer:** Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations and, according, hold Plaintiffs to their proofs as to these.

## CAUSE OF ACTION ONE
### (Claim for Delinquent Contributions under ERISA Sections 502(a)(3) and 515)

15. Plaintiffs Glynn and Welling reallege the allegations set out in paragraphs 1-14 above.

**Answer:** Martin Sports realleges and incorporates by references its answers to paragraphs 1-14 as if specifically reiterated in this Count.

16. In accordance with the terms of its collective bargaining agreement with IATSE Local 11, Martin Sports & Entertainment, LLC owed the respective Funds the following amounts for worked performed under the collective bargaining agreement related to the Boston Bruins' Fan Fest: Pension Fund of Local No. 11, I.A.T.S.E. ($2,721.23); International Alliance of Stage Employees Local 11 Section 401(k) Plan ($680.31); and IATSE Local 11 Joint Apprentice Committee Educational Fund ($226.77).

**Answer:** Defendants deny the allegations as pleaded because these are untrue and predicated on erroneous conclusions of law.

### PRAYER FOR RELIEF

17. Wherefore, Plaintiffs Glynn and Welling request that the Court enter judgment against Defendant Martin Sport & Entertainment, LLC in the amount of $3,628.31; that the Court also award Plaintiffs interest on the unpaid contributions equal to 18% per annum; liquidated damages equal to an additional 18% per annum; and Plaintiffs' attorneys' fees and costs, all as provided for and required by Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132(g)(2).

**Answer:** Defendants deny that Plaintiffs are entitled to the relief requested in this paragraph because the pertinent allegations in this Complaint are untrue and predicated on erroneous conclusions of law.

## CAUSE OF ACTION TWO
### (Claim under Massachusetts General Laws Chapter 149, Section 150)

18. Plaintiff Anderson realleges the allegations set out in paragraphs 1-14 above.

**Answer:** Martin Sports realleges and incorporates by references its answers to paragraphs 1-17 as if specifically reiterated in this Count.

19. Defendants failed to pay Plaintiff Anderson and the similarly situated individuals $22,676.94 in wages and, as such, violated Massachusetts General Laws Chapter 149, Section 148.

**Answer:** Defendants deny the allegations as pleaded because these are untrue and predicated on erroneous conclusions of law.

20. Under Massachusetts General Laws Chapter 149, Section 150, Plaintiff Anderson and the similarly situated individuals are entitle to treble damages plus their attorneys' fees and costs.

**Answer:** Defendants deny the allegations as pleaded because these are untrue and predicated on erroneous conclusions of law.

## PRAYER FOR RELIEF

21. Wherefore, Plaintiff Anderson and the similarly situated individuals request that the Court enter judgment, jointly and severally, against Defendants Martin Sport & Entertainment, LLC, David Martin and Theresa Martin in the amount of $68,030.82; and that the Court award them their attorneys' fees and costs.

**Answer:** Defendants deny that Plaintiffs are entitled to the relief requested in this paragraph because the pertinent allegations in this Complaint are untrue and predicated on erroneous conclusions of law.

**Wherefore,** Defendants, Martin Sports & Entertainment, LLC, David Martin, and Theresa Martin, respectfully request that the Court enter an Order and Judgment dismissing Plaintiffs' Complaint and the allegations and claims asserted in it with prejudice and awarding to Defendants pursuant 28 U.S.C. 1927, 29 U.S.C. 1132(g), and Fed.R.Civ. P. 11 all costs and attorneys' fees they will incur in defense of this action because Plaintiffs action has been brought and maintained in violation of these statutes and court rule.

    Respectfully Submitted,

    */s/John F. Welsh*_____
    John F. Welsh
    BBO#522640
    Bello Welsh LLP
    125 Summer Street, Suite 1200
    Boston, MA 02110
    Main: (617) 247-4100
    Direct: (617) 247-8476
    Fax: (617) 247-4125
    jwelsh@bellowelsh.com

    */s/ Raymond Carey*_____
    Ray Carey (P33266)
    GASIOREK, MORGAN, GRECO,
    McCAULEY & KOTZIAN, P.C.
    Attorneys for Defendants
    30500 Northwestern Highway, Ste.425
    Farmington Hills, MI 48334
    (248) 865-0001

Dated: January 22, 2020    Rjcarey@gmgmklaw.com

## AFFIRMATIVE AND SPECIAL DEFENSES

Defendants, Martin Sports & Entertainment, LLL ("Martin Sports"), David Martin, and Theresa Martin, assert the following as Affirmative and Special Defenses to Plaintiffs' claims:

1. The Court lacks subject matter jurisdiction over this action since there is no justiciable case or controversy between any Plaintiff and any Defendant and it pertains to a dispute within the exclusive jurisdiction of the National Labor Relations Board.

2. Plaintiffs' claims are barred or preempted by either section 7 of the National Labor Relations Act, 29 U.S.C. 151, *et seq.,* because these pertain to activity arguably protected by the Act, *see* 29 U.S.C. 157, or by section 8 of the Act because these pertain to activity arguably prohibited by the Act, *see* 29 U.S.C. 158.

3. The alleged collective bargaining agreement and trust agreement are unenforceable because each is not a valid agreement within the meaning of 29 U.S. C. 158(f) or one obtained consistent with the requirements of 29 U.S. C. 159(a).

4. The Court lacks personal jurisdiction over Defendants, David Martin and Theresa Martin.

5. Defendants, David Martin and Theresa Martin, are improperly joined to the action.

6. Plaintiffs lack standing to represent parties who have not been joined in this action as plaintiffs and they are not the real parties in interest with respect any claims asserted on their behalf.

7. Plaintiffs have failed to join an indispensable party to this action, the payroll company responsible for the payment of contributions to the plans, for

for the payment of wages to Plaintiff Anderson and those he purports to represent, and for the billing of amounts allegedly due from Martin Sports for the contributions to the funds and payment of wages.

8. Plaintiffs, Glynn and Welling, have failed to state claims upon which relief may be granted for violations of Sections 502 (a) (3) and 515 of ERISA, 29 U.S.C. Section 1001, et seq., and/or for breach of the alleged collective bargaining and trust agreements.

9. Plaintiff Anderson has failed to state claims upon which relief may be granted for violations of Massachusetts General Laws Chapter 149, Section 148, and/or for breach of the alleged collective bargaining and trust agreements.

10. Plaintiff Anderson's claims for violations of Massachusetts General Laws Chapter 149, Section 148 are barred or preempted in whole or in part by section 301 of the Labor Management Relations Act, 29 U.S. C. 185.

11. Upon information and belief, Plaintiff Anderson's claims and the claims of the individuals he purports to represent for violations of Massachusetts General Laws Chapter 149, Section 148 are barred because they were paid all wages allegedly due to them from Martin Sports by either IATSE, Local 11 or its payroll company and this dispute is really a collection action by IATSE, Local 11 on behalf of itself and/or its payroll company.

12. The claims of Plaintiffs, Glynn and Welling, for violations of Sections 502 (a) (3) and 515 of ERISA, 29 U.S.C. Section 1001, *et seq.*, Plaintiff Anderson's claims for violations of Massachusetts General Laws Chapter 149, Section 148, and any express or implied claims for breach of any alleged collective bargaining and trust agreements are barred in whole or in part because the agreements were procured by Plaintiff's acts of misrepresentation and fraud and/or by acts of fraudulent inducement.

13. The claims of Plaintiffs, Glynn and Welling, for violations of Sections 502 (a) (3) and 515 of ERISA, 29 U.S.C. Section 1001, *et seq*., Plaintiff Anderson's claims for violations of Massachusetts General Laws Chapter 149, Section 148, and any express or implied claims for breach of any alleged collective bargaining and trust agreements are barred in whole or in part because the alleged underlying collective bargaining and trust agreements were signed by someone without authority to bind Martin Sports and without authorization from Martin Sports.

14. The claims of Plaintiffs, Glynn and Welling, for violations of Sections 502 (a) (3) and 515 of ERISA, 29 U.S.C. Section 1001, *et seq*., Plaintiff Anderson's claims for violations of Massachusetts General Laws Chapter 149, Section 148, and any express or implied claims for breach of any alleged collective bargaining and trust agreements are barred in whole or in part because there was no requisite bargaining over, consideration for, acceptance of, or mutuality with respect to the terms of the alleged underlying collective bargaining and trust agreements.

15. The claims of Plaintiffs, Glynn and Welling, for violations of Sections 502 (a) (3) and 515 of ERISA, 29 U.S.C. Section 1001, *et seq*., Plaintiff Anderson's claims for violations of Massachusetts General Laws Chapter 149, Section 148, and any express or implied claims for breach of any alleged collective bargaining and trust agreements are barred in whole or in part by lack of and/or Plaintiffs failure to provide adequate consideration to Defendants.

16. The claims of Plaintiffs, Glynn and Welling, for violations of Sections 502 (a) (3) and 515 of ERISA, 29 U.S.C. Section 1001, *et seq*., Plaintiff Anderson's claims for violations of Massachusetts General Laws Chapter 149, Section 148, and any express or implied claims

for breach of any alleged collective bargaining and trust agreements are barred in whole or in part by mistake, acts of fraud and misrepresentation, and impossibility of performance.

17.     The claims of Plaintiffs, Glynn and Welling, for violations of Sections 502 (a) (3) and 515 of ERISA, 29 U.S.C. Section 1001, *et seq.*, Plaintiff Anderson's claims for violations of Massachusetts General Laws Chapter 149, Section 148, and any express or implied claims for breach of any alleged collective bargaining and trust agreements are barred in whole or in part by principles of waiver.

18.     Defendants alleged violations of Sections 502 (a) (3) and 515 of ERISA, 29 U.S.C. Section 1001, *et seq.*, violations of Massachusetts General Laws Chapter 149, Section 148, and breaches of any alleged collective bargaining and trust agreements were not a substantial and foreseeable cause of any Plaintiff's alleged damages.

19.     Plaintiffs have failed to mitigate their alleged damages or have mitigated these such that Defendants are entitled to a set-off.

20.     Defendants reserve the right to amend these Affirmative and Special Defenses based on facts disclosed during discovery, which has not yet commenced.

**Wherefore,** Defendants, Martin Sports & Entertainment, LLC, David Martin, and Theresa Martin, respectfully request that the Court enter an Order and Judgment dismissing Plaintiffs' Complaint and the allegations and claims asserted in it with prejudice and awarding to Defendants pursuant 28 U.S.C. 1927, 29 U.S.C. 1132(g), and Fed.R.Civ. P. 11 all costs and attorneys' fees they will incur in defense of this action because Plaintiffs action has been brought and maintained in violation of these statutes and court rule.

Respectfully Submitted,

*/s/John F. Welsh*_____
John F. Welsh
BBO#522640
Bello Welsh LLP
125 Summer Street, Suite 1200
Boston, MA 02110
Main: (617) 247-4100
Direct: (617) 247-8476
Fax: (617) 247-4125
jwelsh@bellowelsh.com


*/s/ Raymond Carey*_____
Ray Carey (P33266)
GASIOREK, MORGAN, GRECO,
McCAULEY & KOTZIAN, P.C.
Attorneys for Defendants
30500 Northwestern Highway, Ste.425
Farmington Hills, MI 48334
(248) 865-0001

Dated: January 22, 2020          Rjcarey@gmgmklaw.com

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties herein at their respective addresses disclosed on the pleadings on January 22, 2020. I declare under penalty of perjury that the statement above is true to the best of my knowledge, information and belief.

By:  ☐ U.S. Mail            ☐ FAX
     ☐ Hand Delivered       X E-filing
     ☐ Federal Express      ☐ Email


Signature: _____*/s/ Randi Donegan*_____
                    Randi Donegan