UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| COLLEEN A. GLYNN, CHRISTOPHER P. WELLING, in their capacities as Trustees and Fiduciaries of ERISA Plans, | * * * * * | |
| and DOUGLAS C. ANDERSON, on his own behalf and on behalf of others similarly situated, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:19-cv-12189-IT |
| MARTIN SPORTS & ENTERTAINMENT, LLC, DAVID MARTIN, and THERESA MARTIN, | * * * * * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

September 21, 2021

TALWANI, D.J.

Plaintiffs Colleen Glynn and Christopher Welling, in their capacities as Trustees and Fiduciaries of Employee Retirement Income Security Act ("ERISA") plans, allege Defendant Martin Sports & Entertainment, LLC ("Martin Sports") owes plan contributions in accordance with terms of a collective bargaining agreement between Martin Sports and International Alliance of Stage Employees, Local 11 ("Local 11") for work performed by Local 11 members. Complaint ("Compl.") [#1]. Plaintiff Douglas Anderson, on behalf of himself and thirty-five others similarly situated, alleges Defendants violated Mass. Gen. Laws ch. 149, § 148 by failing to pay Anderson and others wages they were entitled to for work performed. Id. Before the court

is Defendants' Motion for Dismissal of Plaintiffs' Complaint [#14] under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(c). For the reasons that follow, the Motion [#6] is DENIED.

I. ERISA Claim

Defendants argue that Plaintiffs' ERISA claim is governed by the National Labor Relations Act ("NLRA"), the NLRA vests the National Labor Relations Board ("Board") with exclusive jurisdiction, and the Complaint [#1] should therefore be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6) and Rule 12(c).[1]

Section 515 of ERISA requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions with the terms and conditions of such plan or agreement." 29 U.S.C. § 1145. Section 502 "authorizes multiemployer benefit funds to sue employers directly in federal district court to collect delinquent contributions due under section 515." 29 U.S.C. § 1132(a)(3). These sections give district courts subject matter jurisdiction to hear actions brought by benefit plan trustees to enforce an employer's promise to make contributions. See Laborers Health and Welfare Trust Fund v. Advanced Lightweight Concrete Co., 484 U.S. 539, 547 (1988) ("The liability created by § 515 may be enforced by the trustees of a plan by bringing an action in federal district court pursuant to § 502.").

---

[1] A Rule 12(c) motion for judgment on the pleadings is "treated much like a Rule 12(b)(6) motion to dismiss," Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008), and is the appropriate means to challenge pleadings where, as here, the movant has filed an answer. Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 54 (1st Cir. 2006); see also Fed. R. Civ. P. 12(c) (a party may bring a motion under Rule 12(c) "[a]fter the pleadings are closed – but early enough not to delay trial").

Plaintiffs Glynn and Welling claim that pursuant to a collective bargaining agreement between Local 11 and Martin Sports, Martin Sports was obligated to contribute to the Pension Fund of Local No. 11, the International Alliance of Stage Employees Local 11 Section 401(k) Plan, and IATSE Local 11 Joint Apprentice Committee Educational Fund ("Funds") for hours worked by Local 11 members during the Boston Bruins' Fan Fests produced by Martin Sports in May 2019, and Martin Sports failed to do so. Compl. ¶¶ 9-12, 16 [#1]; see also Collective Bargaining Agreement [#1-2].

Defendants do not dispute that the collective bargaining agreement included terms for employer contributions to the Funds, but argue that before reaching the question of whether Defendants owe such contributions, the court must resolve (1) whether Local 11 was the duly certified bargaining representative under either section 8(f) or 9(a) of the NLRA for the stagehands who worked in May 2019 during the Bruins' Fan Fests and (2) whether Local 11's business manager sending the alleged collective bargaining agreement to Martin Sports fulfilled Local 11's obligations to bargain in good faith, and because these questions fall under the Board's jurisdiction, the court lacks subject matter jurisdiction. Mem. in Support Mot. Dismiss ("Mem.") 14 [#14-1]. Congress enacted Section 515 to "permit trustees of plans to recover delinquent contributions efficaciously, and without regard to issues which might arise under labor-management relations law—other than 29 U.S.C. § 186." 126 Cong. Rec. 23,039 (1980); see also Advanced Lightweight Concrete, 484 U.S. at 547 n.14 ("'Federal pension law must permit trustees of plans to recover delinquent contributions efficaciously. Sound national pension policy demands that employers who *enter into agreements* providing for pension contributions not be permitted to repudiate their *pension promises*.'") (quoting Senate Committee on Labor and Human Resources, 96th Cong., 2d Sess., S. 1076, The Multiemployer Pension Plan

Amendments Act of 1980: Summary and Analysis of Consideration 43 (Comm. Print 1980)) (emphasis in Advanced Lightweight). Accordingly, the motion to dismiss the ERISA claim is denied.

II.   Massachusetts Weekly Wage Act Claim

Defendant also argues Plaintiff Anderson's claim for wages under the Weekly Wage Act, Mass. Gen. Laws Ch. 149, §§ 148 and 150, is preempted by Section 301(a) of the Labor Management Relations Act ("LMRA"), fails to state a plausible claim, and is subject to dismissal under Rules 12(b)(6) and 12(c).

The LMRA "thoroughly occupies the field of labor contract disputes." Rose v. RTN Fed. Credit Union, 1 F.4th 56, 61 (1st Cir. 2021) (citing Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985) (concluding that any "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law")). However, "the LMRA's reach is not unlimited: 'not every dispute concerning employment or tangentially involving a provision of a collective-bargaining agreement, is preempted by [section] 301.'" Id. (quoting Lueck, 471 U.S. at 211). "State laws that establish substantive rights, obligations, or prohibitions independent of any labor contract do not implicate the same sort of federal questions." Id. (citing Lueck, 471 U.S. at 211-12). Thus, "LMRA preemption of a given state-law claim depends upon whether the claim's adjudication appears to be 'inextricably intertwined with consideration of the terms of [a] labor contract.'" Id. (quoting Lueck, 471 U.S. at 213; see Cavallaro v. UMass Memorial Healthcare, Inc., 678 F.3d 1, 7 (1st Cir. 2012)). "[A] state-law claim may escape LMRA preemption only if it requires no more than 'bare' consultation of a [collective bargaining agreement], without dispute as to 'the meaning of [any] contract terms.'" Id. (quoting Livadas v.

Bradshaw, 512 U.S. 107, 124 (1994)).

Section 148 of Chapter 150 of the Massachusetts General Laws requires

> [e]very person having employees in his service [to] pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed seven days in a calendar week, or in the case of an employee who has worked for a period of less than five days . . . within seven days after the termination of such period, pay the wages earned . . . during such period[.][2]

Anderson alleges Defendants entered into a collective bargaining agreement with Local 11 under which Local 11 would provide stagehands to perform services related to Martin Sports' Boston Bruins' Fan Fest, Defendants were invoiced for the services provided by the Local 11 referred stagehands, the invoices reflected the amounts owed by Defendants for the work performed by Local 11 members related to the Boston Bruins' Fan Fest, Anderson and thirty-five similarly situated individuals provided the services in the invoices, and Defendant Martin Sports refused to pay. Compl. ¶¶ 10-13 [#1]; Right to Sue Letter [#1-1].[3]

Defendants do not dispute that the collective bargaining agreement sets out wage rates, minimum daily work call, the defined work week, overtime rates and when they apply, and meal periods, but argue Anderson cannot state a claim under Mass. Gen. Laws ch. 149, §§ 148, 150 because such a claim requires proving (1) the collective bargaining agreement is enforceable, (2) the wage rates applicable to Anderson and others similarly situated, and both are governed by the

---

[2] Mass. Gen. Laws ch. 149, § 150 authorizes employees to bring actions for violations under § 148 where the Massachusetts' Attorney General assents.

[3] Plaintiff Anderson and the thirty-five individuals filed Nonpayment of Wage Complaints with the Office of Attorney General Maura Healey under Mass. Gen. Laws ch. 149, § 150, and received a Right to Sue Letter. See Right to Sue Letter [#1-1].

5

LMRA, preempting the state law claim. Mem. 19-20 [#14-1].[4]

Defendants' argument concerning the enforceability of the collective bargaining agreement falls short where Defendants do not appear to have challenged the collective bargaining agreement's validity by filing a charge with the Board under the NLRA, Opp'n 9 n.3 [#44], and do not dispute the terms of the collective bargaining agreement, but argue that the agreement is unenforceable under 28 U.S.C. §§ 158(f) and 159(a), see Answer 5-8 [#12]. Where Anderson alleges he and others performed work and were not paid and Defendant does not dispute the collective bargaining agreement's terms that set out the wage rates, the claim is not preempted. See Livadas, 512 U.S. at 124 ("when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished"). Turning to the applicable wage rates, determining whether Anderson and others are entitled to the claimed damages depends not on interpretating the collective bargaining agreement, but on resolving whether the terms were modified, and the work was performed as requested. Such a determination does not come "within the LMRA's preemptive sweep." Rose, 1 F.4th at 61 (citing Adames v. Executive Airlines, 258 F.3d 7, 11-12 (1st Cir. 2001)). Accordingly, the Weekly Wage Act claim is not preempted.

---

[4] Defendants also contend Plaintiff Glynn modified the terms of the collective bargaining agreement through communications with Defendant Theresa Martin and given the modifications, the invoices billed Martin Sports for "excessive wages attributed to work allegedly performed by Anderson and those he purports to represent." Mem. 10-11 [#14-1]; see also Declaration of David Martin ¶¶ 14-19 [#14-3]; Declaration of Theresa Martin ¶¶ 10-12, 15-19, 22-24 [#14-4]. This factual challenge to Plaintiffs' claims is not properly raised on a motion to dismiss.

6

III. <u>Conclusion</u>

      For the aforementioned reasons, Defendant's <u>Motion</u> [#14] is DENIED.

IT IS SO ORDERED.

Date: September 21, 2021                               /s/ Indira Talwani
                                                          United States District Judge