UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**COLLEEN A. GLYNN,**
**CHRISTOPHER P. WELLING**
in their capacity as Trustees and
Fiduciaries of ERISA Plans,

and **DOUGLAS C. ANDERSON,**
on his own behalf and on behalf
of others similarly situated,

    Plaintiffs,

vs.

**MARTIN SPORTS & ENTERTAINMENT, LLC,**
**DAVID MARTIN** and **THERESA MARTIN,**

    Defendants.

Case No. 1:19-cv-12189-IT

---

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

Defendants, Martin Sports & Entertainment, LLC ("Martin Sports"), David Martin, and Theresa Martin (collectively "Defendants"), by their counsel move pursuant to Fed. R. Civ. P. 56 for summary judgment with respect to the claims of Plaintiffs, Collen A. Glynn and Christopher P. Welling (collectively "Plaintiffs"), in their capacity as Trustees and Fiduciaries of ERISA Plans sponsored Local 11 of the International Alliance of Theatrical Stage Employees ("Local 11"), against Defendants in **Cause of Action One** of their Complaint for violations of sections 502 (a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq.*, *see* 29 U.S.C. §§1132(a)(3) and 1145, and the claims of Plaintiff Douglas C. Anderson against Defendants in **Cause of Action Two** of the Complaint for violations of

Massachusetts General Laws Chapter 149, Section 148. Defendants are entitled to the requested relief for the following reasons:

    1.    Plaintiff Collen A. Glynn is the Business Manager for Local 11, which is not a party to this action. **Exhibit C:** Glynn Deposition**,** pp. 7, 25-26, 33-35.

    2.    Plaintiffs, Collen A. Glynn and Christopher P. Welling, are trustees and fiduciaries of ERISA employee benefit plans sponsored by Local 11 on whose behalf they have purported to assert the claims against Defendants in **Cause of Action One** for violations of sections 502 (a) (3) and 515 of ERISA arising out of the alleged failure of Martin Sports to make contributions due to the ERISA employee benefit plans sponsored by Local 11 for labor provided by Local 11 members to Martin Sports on May 9, 12, 27, and 29, 2019. *See* Plaintiff's Complaint, ¶¶ 1-3, 15-16.

    3.    Plaintiff Anderson is a Local 11 member who on his own behalf and ostensibly on behalf of others similarly situated has brought the claims against Defendants in **Cause of Action Two** for violations of Massachusetts General Laws Chapter 149, Section 148, arising out of the alleged failure of Martin Sports to tender wages due to the Local members who work for Martin Sports on May 9, 12, 27, and 29, 2019, although Plaintiff Anderson has not moved for class certification pursuant to Fed, R. Civ. P. 23 and none of the other ostensibly similarly situated persons has been joined as a party to this action as required by Fed. R. Civ. P. 19[1]. *See* Plaintiff's Complaint, ¶¶ 4, 8-14, 18-20.

    4.    Defendant Martin Sports is a Michigan limited liability corporation engaged in the sports promotion business, which conducts sports promotion events for various professional and other sports teams at various locations around the county. *See* **Exhibit E**: Declaration of David Martin, ¶¶ 1-2; **Exhibit G:** T. Martin Deposition**,** pp.8-17.

---

[1] Any claims by Plaintiff Anderson as an alleged representative for any party not joined to this action should be dismissed and pursuant to Fed. R. Civ. P. 12(b) (7) and 19.

5. Defendant David Martin is its sole member or owner of Martin Sports and its President and CEO. **Exhibit E**: Declaration of David Martin, ¶¶1-3; **Exhibit G:** T. Martin Deposition**,** pp.8-17.

6. Defendant Theresa Martin is a former administrative assistant for Martin Sports, who has never been a member, owner or officer of the company. *See* **Exhibit E**: Declaration of David Martin, ¶ 4; **Exhibit G:** T. Martin Deposition**,** pp.8-17.

7. No genuine issues of material fact remain with respect to the claims by Plaintiffs as trustees and fiduciaries of ERISA employee benefit plans sponsored by Local 11 against Defendants in **Cause of Action One** for violations of sections 502 (a) (3) and 515 of ERISA because the undisputed facts confirm that:

    A. In accordance with the terms of the alleged collective bargaining agreement between Martin Sports and Local 11, a trust agreement between Martin Sports and ERISA employee benefit plans sponsored by Local 11, and an agreement between Martin Sports and the payroll company for Local 11, ART Payroll, LLC. ("ART Payroll"), ART Payroll was the designated "employer of record" responsible for timely tendering contributions to the ERISA employee benefit plans sponsored by Local 11 for the benefit Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, that ostensibly were required by the alleged collective bargaining agreement and related trust agreement and Martin Sports was to be billed by and to reimburse ART Payroll for these fringe benefits contributions, *see* **Exhibits A:** Collective Bargaining Agreements and Trust Agreements; **Exhibit B:** ART Payroll Agreement; **Exhibit**

**C:** Glynn Deposition**,** pp. 61-68, 71-73, 80-82; **Exhibit G:** T. Martin Deposition**,** pp. 28-29; **Exhibit H:** Declaration of David Martin, ¶¶ 3-14;

  B. Defendants, David Martin and Theresa Martin, were not parties to the alleged collective bargaining agreement and related trust agreement, *see* **Exhibit A**; **Exhibit H:** Declaration of David Martin, ¶ 9;

  C. In accordance with the terms of the alleged collective bargaining agreement, related trust agreement, and the agreement between Martin Sports and ART Payroll, ART Payroll as the designated "employer of record" tendered all contributions due to the ERISA employee benefit plans sponsored by Local 11 for the benefit Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, and each plan had received all contributions that were due to it as required by the various agreements months before this action was filed on October 23, 2019, *see* **Exhibit C:** Glynn Deposition**,** pp. 66-68, 70-73, 80-90; **Exhibit D:** Art Payroll payment records;

  D. A dispute arose between Defendants and ART Payroll over whether Martin Sports had been over-charged by ART Payroll for contributions it tendered to the ERISA employee benefit plans sponsored by Local 11 ostensibly for the benefit Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, and Martin Sports declined to reimburse ART Payroll for the contributions it made on behalf of Martin Sports until the dispute is resolved, *see* **Exhibit E**: Declaration of David Martin, ¶¶14-19; **Exhibit F**: Declaration of Theresa Martin, ¶¶ 15-17, 22-24;

        E.      It was not possible for any Defendant to tender the contributions due to the ERISA employee benefit plans sponsored by Local 11 for the benefit Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, because neither Local 11 nor ART Payroll provided Martin Sports with contact information, social security numbers, Form W-4s, and other information it needed to directly make the contributions, *see* **Exhibit C:** Glynn Deposition**,** pp. 71-72, 80-82; **Exhibit E**: Declaration of David Martin, ¶13; **Exhibit F**: Declaration of Theresa Martin, ¶14, 21; **Exhibit H:** Declaration of David Martin, ¶ 15; and

        F.      Local 11 reimbursed ART Payroll for the contributions it tendered to the ERISA employee benefit plans sponsored by Local 11 for the benefit Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, before this action was filed, *see* **Exhibit C:** Glynn Deposition**,** pp.84-85; **Exhibit D:** Art Payroll payment records.

Therefore, Defendants are entitled to summary judgement in their favor as a matter of law because there is no justiciable case or controversy between Plaintiffs, Collen A. Glynn and Christopher P. Welling, and any Defendant for violations of sections 502 (a) (3) and 515 of ERISA.

    8.      Plaintiff Anderson's claims against Defendants in **Cause of Action Two** ostensibly on behalf of others similarly situated against Defendants for violations of Massachusetts General Laws Chapter 149, Section 148, should be dismissed because the other ostensibly similar situated persons have not been joined as parties to this action as required by Fed. R. Civ. P. 19 and Plaintiff Anderson has not moved for and this action has not been certified as a class action with Plaintiff Anderson designated as class representative as required by Fed. R. Civ. P. 23.

9. No genuine issues of material fact remain with respect to Plaintiff Anderson's claims in **Cause of Action Two** against Defendants on behalf of himself and others similarly situated for violations of Massachusetts General Laws Chapter 149, Section 148, because the undisputed facts disclose that:

    A. In accordance with the terms of the alleged collective bargaining agreement between Martin Sports and Local 11 and the agreement between Martin Sports and ART Payroll, ART Payroll was the designated "employer of record" responsible for timely tendering wages to Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, that ostensibly were required by the alleged collective bargaining agreement and Martin Sports was to be billed by and to reimburse ART Payroll for these wage payments, *see* **Exhibits A:** Collective Bargaining Agreements and Trust Agreements; **Exhibit B:** ART Payroll Agreement; **Exhibit C:** Glynn Deposition**,** pp. 61-68, 71-73, 80-82; **Exhibit G:** T. Martin Deposition**,** pp. 28-29; **Exhibit H:** Declaration of David Martin, ¶¶ 3-14;

    B. Defendants, David Martin and Theresa Martin, were not parties to the alleged collective bargaining agreement, *see* **Exhibit A**; **Exhibit H:** Declaration of David Martin, ¶ 9;

    C. In accordance with the terms of the alleged collective bargaining agreement and the agreement between Martin Sports and ART Payroll, ART Payroll as the designated "employer of record" tendered all wages due to Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, and the Local 11 members had received all wages that were due to them as required

by the alleged collective bargaining agreement months before this action was filed on October 23, 2019, *see* **Exhibit C:** Glynn Deposition, pp. 66-68, 70-73, 80-90; **Exhibit D:** Art Payroll payment records;

      D.    A dispute arose between Defendants and ART Payroll over whether Martin Sports had been over-charged by ART Payroll for wages it tendered to the Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, and Martin Sports declined to reimburse ART Payroll for the wages it tendered on behalf of Martin Sports until the dispute is resolved, *see* **Exhibit E**: Declaration of David Martin, ¶¶14-19; **Exhibit F**: Declaration of Theresa Martin, ¶¶ 15-17, 22-24;

      E.    It was not possible for any Defendant to directly compensate the Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, because neither Local 11 nor ART Payroll provided Martin Sports with contact information, social security numbers, Form W-4s, and other information it needed to directly compensate the Local 11 members, *see* **Exhibit C:** Glynn Deposition, pp. 71-72, 80-82; **Exhibit E**: Declaration of David Martin, ¶13; **Exhibit F**: Declaration of Theresa Martin, ¶14, 21; **Exhibit H:** Declaration of David Martin, ¶ 15; and

      F.    Local 11 reimbursed ART Payroll for the wages it tendered to the Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, before this action was filed, *see* **Exhibit C:** Glynn Deposition, pp.84-85; **Exhibit D:** Art Payroll payment records.

Therefore, Defendants are entitled to summary judgement in their favor as a matter of law because there is no justiciable case or controversy between Plaintiff Anderson and Defendants for violations of Massachusetts General Laws Chapter 149, Section 148.

## REQUEST FOR ORAL ARGUMENT

10. Defendants request that oral argument be conducted concerning their motion because they believe it will assist the court in its deliberation over issues posed by the motion.

*Counsel for Defendants emailed a draft of issues raised by DEFENDANTS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56 to Counsel for Plaintiffs on March 2, 2022. He inquired about whether counsel will concur in the relief requested by the motion and/or whether he wanted to meet and confer about the issues posed in the email. Counsel for Plaintiffs declined to concur. Hence, it is necessary to bring this motion before the Court for its consideration and decision.*

**Wherefore,** Defendants respectfully request that the Court grant their motion for summary judgment and that it enter an Order and Judgment granting summary judgement in their favor with respect to the claims asserted against them in Plaintiffs' Complaint and awarding to Defendants pursuant 28 U.S.C. 1927 and Fed. R. Civ. P. 11 all costs and attorneys' fees they have incurred in defense of this action because Plaintiffs' action has been brought and maintained in violation of the statute and court rule.

Respectfully Submitted,

*/s/ Raymond Carey*
Ray Carey (P33266)
GASIOREK MORGAN
Attorneys for Defendants
30500 Northwestern Highway, Ste.425
Farmington Hills, MI 48334
(248) 865-0001
Rjcarey@gmgmklaw.com

                    /s/John F. Welsh
John F. Welsh BBO# 522640
Armstrong Teasdale LLP
800 Boylston Street, 30th Floor
Boston, MA 02199
(617) 824-5150
jwelsh@Atllp.com

Dated: March 7, 2022