UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**COLLEEN A. GLYNN,**
**CHRISTOPHER P. WELLING**            Case No. 1:19-cv-12189-IT
in their capacity as Trustees and
Fiduciaries of ERISA Plans,

and **DOUGLAS C. ANDERSON,**
on his own behalf and on behalf
of others similarly situated,

        Plaintiffs,

vs.

**MARTIN SPORTS & ENTERTAINMENT, LLC,**
**DAVID MARTIN** and **THERESA MARTIN,**

        Defendants.

---

### DEFENDANTS' REPONSE IN OPPOSITION TO PLAINTIFF ANDERSON'S MOTION TO CERTIFY THE CLASS OR IN THE ALTERNATIVE TO ADD FORTY-THREE ADDITIONAL PLAINTIFFS

Defendants, Martin Sports & Entertainment, LLC ("Martin Sports"), David Martin, and Theresa Martin (collectively "Defendants"), by their counsel, in response to Plaintiff Anderson's motion for class certification presumably pursuant to Fed. R. Civ. P. 23 or in the alternative for joinder of forty-three additional plaintiffs presumably pursuant to Fed. R. Civ. P. 19 or 20, state that it should be denied for the following reasons:

    1.    Plaintiff Anderson is a member of Local 11 of the International Alliance of Theatrical Stage Employees ("Local 11") who on his own behalf and purportedly on behalf of other Local 11 members has brought the claims against Defendants in **Cause of Action Two** for alleged violations of Massachusetts General Laws Chapter 149, Section 148, arising out of the

alleged failure of Martin Sports to tender wages due to the Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019.

2. Plaintiff Anderson and the Local 11 members he purports to represent seek compensatory damages as the predominate or primary relief for their claims. *See* **Document 1:** Plaintiffs' Complaint, p. 5.

3. The July 17, 2019 Letter from the Office of the Attorney General for the Commonwealth of Massachusetts and documents upon which Plaintiffs' rely in support of their motions for summary judgment and class certification evince that no more than **thirty-six (36)** members of Local 11 sought and obtained authorization to pursue a private right of action against Defendant Martin Sports for alleged violations of Massachusetts General Laws Chapter 149, Section 148, ostensibly premised on the alleged failure of Martin Sports to tender wages due to each of them who performed work for Martin Sports on May 9, 12, 27, and 29, 2019. *See* **Document 1-1:** p. 1; **Document 55-2,** pp. 1-8; **Document 55-3,** p. 1.

4. The records upon which Plaintiff Anderson relies as ostensible support for his motion evince that he allegedly performed work for Martin Sports on but one day, May 12, 2019, and was not present for Fan Fest events produced by Martin Sports on May 9, 27, and 29, 2019. *See* **Document 55-2,** pp. 1-8.

5. The records upon which Plaintiff Anderson relies disclose that the claims of each Local 11 member who has been authorized by the Attorney General for the Commonwealth of Massachusetts to pursue a private right of action against Defendant Martin Sports for alleged violations of Massachusetts General Laws Chapter 149, Section 148, do not satisfy requisites for the Court's exercise of diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy as to each applicable Local 11 member is between approximately $600 and no more

than $1,500, substantially less than $75,000 exclusive of interest and costs requisite to this Court's exercise of jurisdiction over their individual claims. *See* **Document 55-2,** pp. 1-8.

6. With respect to Plaintiff Anderson's claims in **Cause of Action Two** for alleged violations of Massachusetts General Laws Chapter 149, Section 148, arising out of the alleged failure of Martin Sports to tender wages due to the Local members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, the Court should not certify a class pursuant to Fed. R. Civ. P. 23 for the following reasons:

    A. No genuine issues of material fact remain with respect to these claims and Defendants are entitled to summary judgement in their favor as a matter of law with respect to these claims because there is no justiciable case or controversy between Plaintiff Anderson (*and putative class members*) and Defendants for violations of Massachusetts General Laws Chapter 149, Section 148, since the undisputed facts disclose that:

        i. In accordance with the terms of the alleged collective bargaining agreement between Martin Sports and Local 11 and the agreement between Martin Sports and ART Payroll, ART Payroll was the designated "employer of record" responsible for timely tendering wages to Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, that ostensibly were required by the alleged collective bargaining agreement and Martin Sports was to be billed by and to reimburse ART Payroll for these wage payments, *see* **Exhibits A:** Collective Bargaining Agreements and Trust Agreements; **Exhibit B:** ART Payroll Agreement; **Exhibit C:** Glynn Deposition**,** pp. 61-68, 71-73, 80-82; **Exhibit G:** T. Martin Deposition**,** pp. 28-29; **Exhibit H:** Declaration of David Martin, ¶¶ 3-14;

        ii.       In accordance with the terms of the alleged collective bargaining agreement and the agreement between Martin Sports and ART Payroll, ART Payroll as the designated "employer of record" tendered all wages due to Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, and the Local 11 members had received all wages that were due to them as required by the alleged collective bargaining agreement months before this action was filed on October 23, 2019, *see* **Exhibit C:** Glynn Deposition**,** pp. 66-68, 70-73, 80-90; **Exhibit D:** Art Payroll payment records;

        iii.      A dispute arose between Defendants and ART Payroll over whether Martin Sports had been over-charged by ART Payroll for wages it tendered to the Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, and Martin Sports declined to reimburse ART Payroll for the wages it tendered on behalf of Martin Sports until the dispute is resolved, *see* **Exhibit E**: Declaration of David Martin, ¶¶14-19; **Exhibit F**: Declaration of Theresa Martin, ¶¶ 15-17, 22-24;

        iv.      It was not possible for any Defendant to directly compensate the Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, because neither Local 11 nor ART Payroll provided Martin Sports with contact information, social security numbers, Form W-4s, and other information it needed to directly compensate the Local 11 members, *see* **Exhibit C:** Glynn Deposition**,** pp. 71-72, 80-82; **Exhibit E**: Declaration of David Martin, ¶13; **Exhibit F**: Declaration of Theresa Martin, ¶14, 21; **Exhibit H:** Declaration of David Martin, ¶ 15; and

      v.    Local 11 reimbursed ART Payroll for the wages it tendered to the Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, before this action was filed, *see* **Exhibit C:** Glynn Deposition**,** pp.84-85; **Exhibit D:** Art Payroll payment records;

B. Plaintiff Anderson has not specified the basis upon which he seeks class certification, i.e., Fed. R. Civ. P. 23(b)(1), Fed. R. Civ. P. 23(b)(2), or Fed. R. Civ. P. 23(b)(3);

C. Plaintiff Anderson has proposed no class definition;

D. Plaintiff and Local 11 members that he purports to represent predominantly seek damages as remedies for their claims;

E. Plaintiff Anderson has not demonstrated that the class is so numerous that joinder of all members is impracticable;

F. Plaintiff Anderson has not demonstrated that "there are questions of law or fact common to the class" and/or that Plaintiff Anderson's claims are typical of the claims of the putative class;

G. Individualized questions of law and fact pertaining to both liability and damages predominate over any questions of law or fact common to the claims of Plaintiff Anderson and putative class members;

H. Plaintiff Anderson has not demonstrated that he will fairly and adequately protect the interests of the class;

I. Plaintiff Anderson has not demonstrated that "prosecuting separate actions by … individual class members would create a risk of either "(A) inconsistent or varying adjudications with respect to individual class members that would establish

        incompatible standards of conduct for the party opposing the class" or "(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impeded their ability to protect their interests" requisite to certification pursuant to Fed. R. Civ. P. 23(b)(1); and

J.    Plaintiffs have not demonstrated that any Defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole" requisite to certification pursuant to Fed. R. Civ. P. 23(b)(2)[1].

7.    The claims of each Local 11 member who has been authorized by the Attorney General for the Commonwealth of Massachusetts to pursue a private right of action against Defendant Martin Sports for alleged violations of Massachusetts General Laws Chapter 149, Section 148, are not subject to mandatory joinder pursuant to Fed. R. Civ. P. 19 or permissive joinder pursuant to Fed. R. Civ. P. 20 because their joinder will deprive the Court of subject matter jurisdiction, i.e., requisites for the Court's exercise of diversity jurisdiction pursuant to 28 U.S.C. § 1332 are not satisfied since the amount in controversy as to each applicable Local 11 member is between approximately $600 and no more than $1,500, substantially less than $75,000 exclusive of interest and costs requisite to this Court's exercise of jurisdiction over their individual claims.

## REQUEST FOR ORAL ARGUMENT

---

[1] Plaintiff Anderson has proffered no evidence that the alleged practices attributed to Defendants are extant or continuing in nature.

8.   Defendants request that oral argument be conducted concerning Plaintiff Anderson's motion because they believe it will assist the court in its deliberation over issues posed by the motion.

**Wherefore,** for these reasons, Defendants respectfully request that the Court enter an Order denying Plaintiff Anderson's motion for class certification or in the alternative for joinder of forty-three additional plaintiffs and awarding to Defendants pursuant 28 U.S.C. 1927 and Fed. R. Civ. P. 11 all costs and attorneys' fees they have incurred in defense of this action because Plaintiffs' action has been brought and maintained in violation of the statute and court rule.

Respectfully Submitted,

*/s/ Raymond Carey*_____
Ray Carey (P33266)
GASIOREK MORGAN
Attorneys for Defendants
30500 Northwestern Highway, Ste.425
Farmington Hills, MI 48334
(248) 865-0001
Rjcarey@gmgmklaw.com


/s/John F. Welsh
John F. Welsh BBO# 522640
Armstrong Teasdale LLP
800 Boylston Street, 30th Floor
Boston, MA 02199
(617) 824-5150
jwelsh@Atllp.com

Dated: March 28, 2022