# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**COLLEEN A. GLYNN,**
**CHRISTOPHER P. WELLING**
in their capacity as Trustees and
Fiduciaries of ERISA Plans,

and **DOUGLAS C. ANDERSON,**
on his own behalf and on behalf
of others similarly situated,

        Plaintiffs,

vs.

**MARTIN SPORTS & ENTERTAINMENT, LLC,**
**DAVID MARTIN** and **THERESA MARTIN,**

        Defendants.

Case No. 1:19-cv-12189-IT

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

**No Genuine Issues of material Fact Remain with Respect to Plaintiff Anderson's Claims for Violation of the Massachusetts Wage Act**

It is undisputed that Plaintiff Anderson and the Local 11 members he purports to represent were paid all wages due to them for work performed for Martin Sports on May 9, 12, 27, and 29, 2019, as required by the alleged collective bargaining agreement between Martin Sports and Local 11 by ART Payroll as employer of record months before this action was filed on October 23, 2019, and likely before Local 11 filed claims ostensibly on their behalf with the Office of the Attorney General for the Commonwealth of Massachusetts. There is no justiciable case or controversy

between these Plaintiff Anderson and Defendants for violation of the Massachusetts Wage Act as a result[1].

The decisions of the Massachusetts Supreme Court upon which Plaintiff Anderson relies are inapposite for these reasons. *Compare Dixon v. City of Malden*, 464 Mass. 446 (2012) and *Somers v. Converged Access, Inc.*, 454 Mass. 582 (2009). Indeed, unlike what pertained in *Dixon*, this case does not involve "undifferentiated" gratuitous weekly payments of any kind made in conjunction with a post-employment settlement agreement of any kind with Plaintiff Anderson or any other Local 11 member or any other "undifferentiated" gratuitous payments of any kind made to Plaintiff Anderson or any other Local 11 member who performed work for Martin Sport on May 9, 12, 27, and 29, 2019. It also is not case about misclassification of any employee as an independent contractor like what pertained in *Somers*. Instead, it is undisputed that Plaintiff Anderson and each Local 11 members he purports to represent received payroll checks from Art Payroll as the contractually agreed employer of record for the full amount due to him or her for the work he or she performed for Martin Sports on May 9, 12, 27, and/or 29, 2019, as required by the alleged collective bargaining agreement between Martin Sports and Local 1[2].

**No Genuine Issues of material Fact Remain with Respect to Plaintiff Anderson's Claims for     Violation of the Massachusetts Wage Act**

---

[1] Defendant Martin Sports acknowledges that there may be a justiciable dispute between it and Local 11 under of other theories of liability because Local 11 reimbursed Art Payroll for wages it paid to Plaintiff Anderson and other Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, but Local 11 is not a party to this action.

[2] All relevant documents in this case evince that Art Payroll was the employer of record which responsible for timely tendering payment of wages to Local 11 members who performed work for Martin Sports and timely making contributions to Local 11 ERISA plans for the benefit of the Local 11 members who performed work for Martin Sports. The Local 11 members received payroll checks from Art Payroll as the Payor. Martin Sports was invoiced for the services. The alleged agreement between Martin Sports and Local 11 provided for penalties if Martin Sports did not pay invoices within 10 days from receipt of each final invoice. **Document 54-2,** p. 16. Art Payroll invoices had similar provisions. *See* **Document 54-5**, *See, e.g.*, **Document 54-5,** pp. 25, 30, Ironically, one of the rt Payroll invoices indicated that Martin Sports payment was due on May 15, 2019, although it was not forwarded to Martin Sports until May 21, 2019. **Document 54-5,** p. 25.

It is undisputed that the ERISA Plans sponsored by Local 11 that Plaintiffs, Glynn and Welling, purport to represent had received all contributions due to the plans for the benefit of Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, as required by the various agreements between Martin Sports and Local 11 and/or Local 11 ERISA plans months from ART Payroll as employer of record before this action was filed on October 23, 2019. There is no justiciable case or controversy between these Plaintiffs and Defendants as a result[3].

The decisions upon which Plaintiffs, Glynn and Welling, rely are inapposite for these reasons. *Compare Line Construction Benefit Fund v. Big Sky Locators, Inc.,* 2003 U.S. Dist. LEXIS 11104 (N.D. Ill. 2004); *Green v. Vijax Fuel Corp.*, 326 F. Supp. 2d 464 (D. N.Y. 2004); *Int'l Union of Operating Eng'rs Local 98 Health & Welfare Fund v. Bradway Const., Inc.*, 2015 LEXIS 134157 (D. Ma. 2015).

## CONCLUSION AND RELIEF

Defendants respectfully request that the Court grant their motion for summary judgment and that it enter an Order and Judgment granting summary judgement in their favor with respect to the claims asserted against them in Plaintiffs' Complaint and awarding to Defendants pursuant 28 U.S.C. 1927 and Fed. R. Civ. P. 11 all costs and attorneys' fees they have incurred in defense of this action because Plaintiffs' action has been brought and maintained in violation of the statute and court rule.

---

[3] Defendant Martin Sports acknowledges that there may be a justiciable dispute between it and Local 11 under of other theories of liability because Local 11 reimbursed Art Payroll for the contributions it made to the Local 11 ERISA plans for the benefit of Plaintiff Anderson and other Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, but Local 11 is not a party to this action.

Respectfully Submitted,

*/s/ Raymond Carey*_____
Ray Carey (P33266)
GASIOREK MORGAN
Attorneys for Defendants
30500 Northwestern Highway, Ste.425
Farmington Hills, MI 48334
(248) 865-0001
Rjcarey@work-lawyers.com

/s/John F. Welsh
John F. Welsh BBO# 522640
Armstrong Teasdale LLP
800 Boylston Street, 30th Floor
Boston, MA 02199
(617) 824-5150
jwelsh@Atllp.com

Dated: April 1, 2022

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the attached document was served on April 1, 2022, upon all parties and/or attorneys of record in this matter at their respective addresses as disclosed by pleadings in this mater via ECF Filing.

*/s/ Randi Hanlon*