## UNTIED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **COLLEEN A. GLYNN, CHRISTOPHER P. WELLING** | \* |
| In their capacity as Trustees and Fiduciaries of ERISA Plans | \* |
| and | \* |
| **DOUGLAS C. ANDERSON,** | \* |
| On his own behalf and on behalf of others similarly situated, | \*  Case 1:19-cv-12189-IT |
| Plaintiffs, | \* |
| vs. | \* |
| **MARTIN SPORTS & ENTERTAINMENT, LLC, DAVID MARTIN and THERESA MARTIN,** | \* |
| Defendants. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF ANDERSON'S REPLY BRIEF
## REGARDING ISSUE OF CLASS CERTIFICATION

### (LEAVE TO FILE GRANTED APRIL 11, 2022)

In their opposition to *Plaintiffs' Motion for Summary judgment and Plaintiff' Anderson's Motion to Certify Class or in the Alternative to Add Forty-Three Additional Plaintiffs*, Defendants argue unpersuasively that the putative class, *i.e.*, the forty-four Local 11-referred employees who worked for Martin Sports but were not paid by Martin Sports, may not be certified because Plaintiff Anderson cannot satisfy the requirements of Rule 23(a) and (b). As set out *supra*, the requirements of Rule 23(a) and (b) are readily met.

1

**A. Numerosity**

In *Garcia v. E.J. Amusements of N.H., Inc.*, 98 F. Supp. 3d 277, 285 (D. Mass. 2015), the Court described the numerosity requirement of Rule 23(a) as follows:

> The first requirement of Rule 23(a) is that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The First Circuit has characterized the numerosity requirement as a "low threshold." *Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009). "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." *Id. (quoting Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001)); *see also George v. Nat'l Water Main Cleaning Co.*, 286 F.R.D. 168, 173 (D. Mass. 2012) ("[C]ourts have generally found that a class size of forty or more individuals will satisfy the numerosity requirement.").

In the instant case, there is no dispute that forty-four Local 11-referred employees provided service to Martin Sports for which Martin Sports made no payment. Defendants, without citation to any authority, argue that this Honorable Court may not certify the requested class of forty-four Local 11-referred employees who were not paid by Martin Sports for work performed under the Local 11 Contract because only thirty-six of the forty-four employees filed complaints with the Massachusetts Attorney General under General Laws, c. 149, §150. However, there is no requirement in the statute that all the members of the putative class have filed such complaints with the Attorney General. *See, e.g., Gammella v. P.F. Chang's China Bistro, Inc.*, 482 Mass. 1, 9-10 (2019) ("We begin with the text of the wage laws. *See Northeast Energy Partners, LLC v. Mahar Regional Sch. Dist.*, 462 Mass. 687, 692, 971 N.E.2d 258 (2012) ('The starting point of our analysis is the language of the statute' [citation omitted]). As mentioned, both G. L. c. 149, § 150, and G. L. c. 151, § 20, allow an aggrieved employee to bring suit against his or her employer 'on his own behalf, or for himself and for others similarly situated.' The legislative history of these statutes makes clear that the primary purpose of this language is to authorize class actions in statutes that did not previously provide for class actions. Indeed, the Wage Act had no private right

of action until this provision was added. With this purpose in mind, it is clear that a 'civil action' for 'others similarly situated' simply refers to the 'substantive right to bring a class proceeding.' *Machado v. System4 LLC*, 465 Mass. 508, 514-515, 989 N.E.2d 464, S.C., 466 Mass. 1004, 993 N.E.2d 332 (2013).

Obviously, a requirement that class members can only include individuals who have filed complaints with the Attorney General would eliminate the Wage Act authorization of class actions. In addition, often, if not typically, Wage Act class actions involve literally hundreds if not thousands of class members, none of whom having filed individual complaints with the Attorney General. *See, e.g., Garcia v. E.J. Amusements of N.H., Inc., supra* (court certifies a class of 100 former employees of Fiesta Shows who Garcia contended, *inter alia*, were not paid required minimum wage rates and overtime); *Gammella v. P.F. Chang's China Bistro, Inc.*, 482 Mass. 1 (2019) (court holds that plaintiff satisfied the numerosity requirements when he sought to certify of a class of hundreds of employees of employer who Gammella alleged were not paid reporting pay of at least three hours when called into work for a scheduled shift of at least three hours.);[1] *Kuehl v. D&R Paving, LLC*, 2011 Mass. Super. LEXIS 69 (court certifies a class of seventy-two employees who were subject to same prevailing wage and overtime policy of the defendant employer); *Hickman v. Riverside Park Enters.*, 2018 Mass. Super. LEXIS 549 (court certifies a class of approximately 18,455 seasonal employees of employer.). Accordingly, the requested class satisfies the First Circuit's numerosity requirement.

---

[1] In *Grammella*, plaintiff moved to certify the following class: "'[a]ll [defendant's] hourly employees who worked in Massachusetts at any time from November 25, 2011 to the present, and who had at least one shift where they were scheduled to work three or more hours but worked less than three hours, including without limitation' all the employees identified by employee number on the defendant's report who had worked less  than three hours of a scheduled shift without receiving reporting pay."

3

**B. Commonality**

The second requirement under Rule 23(a) is that there must be "questions of law or fact common to the class."

In *Garcia v. E.J. Amusements of N.H., Inc. supra* at 285, the Court explained this requirement as follows:

> To satisfy this requirement, the class claims must depend upon a "common contention" that is "capable of classwide resolution-which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. In other words, the commonality requirement is met where the "questions that go to the heart of the elements of the cause of action" will "each be answered either 'yes' or 'no' for the entire class" and "the answers will not vary by individual class member." *Donovan v. Philip Morris USA, Inc.*, 2012 U.S. Dist. LEXIS 37974, 2012 WL 957633, at *21 (D. Mass. Mar. 21, 2012).

While the damages to be recovered may vary among the members of the putative class,[2] all the central issues in the instant case are legal issues that are common to all the members of the putative class and that can be answered either "yes" or "no." In this regard, the Honorable Court already has ruled on one of the central legal issues that was/is applicable to the claims of each member of the putative class, *i.e.*, whether "Plaintiff Anderson's claim for wages under the Weekly Wage Act, Mass. Gen. Laws Ch. 149, §§ 148 and 150, is preempted by Section 301(a) of the Labor Management Relations Act ("LMRA") …." On this issue, the Honorable Court answered "no" and that answer applies with equal force to the claims of the putative class members.

In addition, the remaining issues in the instant case, whether characterized as legal, factual, or mixed, are uniformly applicable to all members of the putative class and once ruled on "yes" or

---

[2] Almost by definition, every class action brought under the Wage Act results in varying recoveries by the members of the class. Therefore, it is frivolous to argue that the commonality requirement is not met in this case because, ultimately, each class member's damages depends on "the number of hours he or she worked for Martin Sports on May 9, 12, 27, and/or 29, 2019, and the wage rates applicable to her or his performance of work for Martin Sports on May 9, 12, 27, and/or 29, 2019." *Defendants' Brief* at p. 14. Stated another way, Defendants' argument effectively would write out of the Wage Act the authorization of class actions.

"no" by the Honorable Court will apply equally to all members of the putative class, *i.e.*, whether the Wage Act imposes strict liability on an employer and that, as such, employee plaintiffs suffer damages compensable under c. 149, §150 that may not be offset by any money that was not paid by an employer in compliance with c. 149, §148; whether Martin Sports' contract with ART Payroll made ART Payroll the "employer of record" for purposes of complying with c. 148, §148; even if Martin Sports and ART Payroll intended that ART Payroll be the "employer of record" for purposes of c. 149, §148, whether the ART Agreement would be the type of agreement prohibited under c. 149, §148; whether wage payments not made by Martin Sports insulate Defendants from liability; and whether wage payments not made by an employer in compliance with the time limits set out in c. 149, §148 can be offset against wages owed under c. 149, §148.

Accordingly, the commonality requirement clearly is met in the instant case.

## C. Typicality

The third requirement under Rule 23(a) is that "the claims or defenses of the representative parties are typical of the claims of the class."  In *Garcia v. E.J. Amusements of N.H., Inc. supra* at 288, the Court explained the third requirement as follows:

> "The central inquiry in determining whether a proposed class has 'typicality' is whether the class representatives' claims have the same essential characteristics as the claims of the other members of the class." *Barry v. Moran*, 2008 U.S. Dist. LEXIS 112404, 2008 WL 7526753, at *11 (D. Mass. Apr. 7, 2008) (quotation marks omitted). Typicality may be defeated "where the class representatives are subject to unique defenses which threaten to become the focus of the litigation." *In re Credit Suisse AOL Sec. Litig.*, 253 F.R.D. 17, 23 (D. Mass. 2008). It may also be defeated where class members have additional claims or remedies that are unavailable to the class representative. *See Swanson v. Lord & Taylor LLC*, 278 F.R.D. 36, 41 (D. Mass. 2011).

In the instant case, Plaintiff Anderson's claims are identical to the claims of the members of the putative class with the only difference between he and certain members of the putative class being the amount of their respective damages; his claims are not subject to any unique defense;

5

and none of the members of the putative class have claims in addition to those being raised by Plaintiff Anderson.

According, the typicality requirement also is clearly satisfied.

**D.  Adequacy**

The last Rule 23(a) requirement is whether "the representative parties will fairly and adequately protect the interests of the class." In *Garcia v. E.J. Amusements of N.H., Inc. supra* at 289, the Court described this requirement as follows:

> The First Circuit has said that the adequacy requirement has two parts. *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). "The moving party must show first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced, and able to vigorously conduct the proposed litigation." *Id*. Applying this standard, the Court finds that both of these requirements are met.

Clearly, the interests of Plaintiff Anderson do not and will not conflict with the interests of any putative class members; and, Plaintiff Anderson's counsel has practiced exclusively in the area of labor, employment and employee benefits law since 1977 and is qualified and able to "vigorously conduct" this litigation, including effectively addressing the legal arguments pressed by Defendants.  According, the adequacy requirement also is met.

**Rule 23(b) Requirements**

While the class could be certified appropriately under any part of Rule 23(b), certification under Rule 23(b)(1) or (2) is most appropriate in that "(1) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their

interests…;" and (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

Accordingly, in sum, the requirements of Rule 23(a) and (b) having been met, Plaintiff Anderson respectfully requests that the Honorable Court certify the class, of the forty-four Local 11-referred employees who worked for Martin Sports but were not paid by Martin Sports.

> For the Plaintiff,
> **DOUGLAS C. ANDERSON,**
> By his Attorney,
>
> /*Gabriel O. Dumont, Jr.*/
> Gabriel O. Dumont, Jr. BBO#137820
> **FEINBERG, DUMONT & BRENNAN**
> 177 Milk Street, Suite 300
> Boston, MA 02109
> (617) 338-1976
> Cell (617) 733-4804
> gd@fdb-law.com

April 11, 2022