UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **COLLEEN A. GLYNN,** **CHRISTOPHER P. WELLING** in their capacity as Trustees and Fiduciaries of ERISA Plans, and **DOUGLAS C. ANDERSON,** on his own behalf and on behalf of others similarly situated, Plaintiffs, vs. **MARTIN SPORTS & ENTERTAINMENT, LLC, DAVID MARTIN** and **THERESA MARTIN,** Defendants. | Case No. 1:19-cv-12189-IT **Hon. Indira Talwani** **Leave to File Granted on April 8, 2022** |

### DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56

**No Genuine Issues of material Fact Remain with Respect to Plaintiff Anderson's Claims Against Defendants for Violation of the Massachusetts Wage Act**

It is undisputed that ART Payroll as employer of record tendered all wages due to Plaintiff Anderson and the Local 11 members he purports to represent with applicable payroll and other taxes withheld for work they performed for Martin Sports on May 9, 12, 27, and 29, 2019, as required by the alleged collective bargaining agreement between Martin Sports and Local 11[1]

---

[1] All relevant documents in this case evince that ART Payroll was the employer of record and that it was responsible for timely tendering and it tendered all wages due to Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, and for timely making and it made contributions due to Local 11 ERISA plans for the benefit of the Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019. The Local 11 members received payroll checks with applicable payroll and other taxes withheld, dated June 14 and 21, 2019, from ART Payroll as the payor and employer of record for the work they performed for Martin Sports on May 9, 12, 27, and 29, 2019. *See* **Document 54-5**, Pages 2-4. The Local 11 ERISA plans received checks for applicable contributions, dated June 20

before any complaint was filed with the Massachusetts Attorney General and at least 4 months before this action was filed on October 23, 2019,[2]. *See* **Document 54-5**, Pages 1-36. *See, e.g.*, **Document 54-5**, Pages 2-4. There is no justiciable case or controversy between these Plaintiff Anderson and Defendants for violation of the Massachusetts Wage Act as a result[3].

The decisions of the Massachusetts Supreme Court upon which Plaintiff Anderson relies are inapposite for these reasons. *Compare Dixon v. City of Malden*, 464 Mass. 446 (2012) and *Somers v. Converged Access, Inc.*, 454 Mass. 582 (2009). Indeed, unlike what pertained in *Dixon*, this case does not involve "undifferentiated" gratuitous weekly payments of any kind made in conjunction with a post-employment settlement agreement of any kind with Plaintiff Anderson or any other Local 11 member or any other "undifferentiated" gratuitous payments of any kind made to Plaintiff Anderson or any other Local 11 member who performed work for Martin Sport on May

---

and 27, 2019, from ART Payroll as the payor and employer of record due for Local members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019. *See* **Document 54-5**, Pages 5-16. The Local 11 ERISA plans even charged a late fee to ART Payroll that it paid as the employer of record for Local members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019. *See* **Document 54-5**, Pages 34-42. Martin Sports was invoiced by ART Payroll for the services. *See* **Document 54-5**, Pages 17-33. The alleged agreement between Martin Sports and Local 11 provided for penalties if Martin Sports did not pay invoices within 10 days from receipt of each final invoice. **Document 54-2,** p. 16. Art Payroll invoices had similar provisions. *See* **Document 54-5**, *See, e.g.*, **Document 54-5,** pp. 25, 30, Ironically, one of the Art Payroll invoices indicated that Martin Sports payment was due on May 15, 2019, although it was not forwarded to Martin Sports until May 20, 2019, two days after May 18, 2019, when ART Payroll should have tendered wages for Local 11 members who performed work for Martin Sports on May 11, 2019. **Document 54-5,** p. 25.

[2] Section 150 of Massachusetts Wage Act provides that an employee claiming to be aggrieved by a violation of section 148 of the Act may institute and prosecute a civil action for any lost wages and other benefits 90 days after the filing of a complaint with the Massachusetts Attorney General or sooner if the attorney general assents in writing. Contrary to Plaintiff Anderson's argument, section 150 of Massachusetts Wage Act provides that a "defendant shall not set up as a defence [sic] a payment of wages" if this occurs "after the bringing of the complaint," unlike the circumstances of this case. Mass. Gen. Laws ch. 149, § 150.

[3] Defendant Martin Sports acknowledges that there may be a justiciable dispute between it and Local 11 under of other theories of liability because Local 11 allegedly reimbursed Art Payroll for wages it paid to Plaintiff Anderson and other Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, but Local 11 is not a party to this action.

9, 12, 27, and 29, 2019. It is not a case about misclassification of any employee as an independent contractor like what pertained in *Somers*. This case also does not involve alleged wage payments due upon employment termination or payment for wages due that was made after a complaint was filed over lost wages like what was at issue in *Lawless v. Steward Health Care Sys., LLC*, 894 F.3d 9, 21 (1st Cir. 2018). Indeed, the decision of the Court in *Lawless* confirms that Plaintiff's claims for violation of the Massachusetts Wage Act also are preempted by section 301 of the Labor management relations Act, 29 U.S.C. 185. *Lawless* 894 F.3d at 19. *See also Cavallaro v. UMass Mem'l Healthcare, Inc.*, 678 F.3d 1, 85 (1st Cir. 2012) (finding Massachusetts Wage Act claim preempted when "determining what (if anything) is owed" was an "inevitable issue" and would "depend[ ] at least arguably on interpretations and applications of the CBA").

**No Genuine Issues of material Fact Remain with Respect to the Claims of Plaintiffs, Glynn and Welling, Against Defendants for Violation of ERISA**

It is undisputed that ART Payroll as employer of record tendered all contributions due to the ERISA Plans sponsored by Local 11 that Plaintiffs, Glynn and Welling, purport to represent for the benefit of Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, as required by the various agreements between Martin Sports and Local 11 and/or its ERISA plans months before this action was filed on October 23, 2019. *See* **Document 54-5**, Pages 5-42 and n.1, *supra. See, e.g*., **Document 54-5**, Pages 5-16, 34-42. There is no justiciable case or controversy between these Plaintiffs and Defendants as a result[4].

---

[4] Defendant Martin Sports acknowledges that there may be a justiciable dispute between it and Local 11 under of other theories of liability because Local 11 reimbursed Art Payroll for the contributions it made to the Local 11 ERISA plans for the benefit of Plaintiff Anderson and other Local 11 members who performed work for Martin Sports on May 9, 12, 27, and 29, 2019, but Local 11 is not a party to this action.

The decisions upon which Plaintiffs, Glynn and Welling, rely are inapposite for these reasons. Indeed, unlike what pertained in *Compare Line Construction Benefit Fund v. Big Sky Locators, Inc.,* 2003 U.S. Dist. LEXIS 11104 (N.D. Ill. 2004), this case does not involve an employer's claim for a setoff for amounts it paid to provide alternative benefits rather than contractually required benefits. Unlike what was at issue in *Green v. Vijax Fuel Corp.*, 326 F. Supp. 2d 464 (D. N.Y. 2004); *Int'l Union of Operating Eng'rs Local 98 Health & Welfare Fund v. Bradway Const., Inc.*, 2015 LEXIS 134157 (D. Ma. 2015), it is not about a defendant seeking an offset for amounts due based on a "most favored nations'" clause in an agreement.

## CONCLUSION AND RELIEF

Defendants respectfully request that the Court grant their motion for summary judgment and that it enter an Order and Judgment granting summary judgement in their favor with respect to the claims asserted against them in Plaintiffs' Complaint and awarding to Defendants pursuant 28 U.S.C. 1927 and Fed. R. Civ. P. 11 all costs and attorneys' fees they have incurred in defense of this action because Plaintiffs' action has been brought and maintained in violation of the statute and court rule.

Respectfully Submitted,

*/s/ Raymond Carey*_____
Ray Carey (P33266)
GASIOREK MORGAN
Attorneys for Defendants
30500 Northwestern Highway, Ste.425
Farmington Hills, MI 48334
(248) 865-0001
Rjcarey@work-lawyers.com

/s/John F. Welsh
John F. Welsh BBO# 522640
Armstrong Teasdale LLP
800 Boylston Street, 30th Floor
Boston, MA 02199

(617) 824-5150<br>jwelsh@Atllp.com

Dated: April 11, 2022

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the attached document was served on April 11, 2022, upon all parties and/or attorneys of record in this matter at their respective addresses as disclosed by pleadings in this mater via ECF Filing.

*/s/ Raymond J. Carey*