UNTIED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

*********************************************************

| | |
|---|---|
| **COLLEEN A. GLYNN, CHRISTOPHER P. WELLING,** In their capacity as Trustees and Fiduciaries of ERISA Plans, and **DOUGLAS C. ANDERSON**, On his own behalf and on behalf of others similarly situated, Plaintiffs, vs. **MARTIN SPORTS & ENTERTAINMENT, LLC**, **DAVID MARTIN and THERESA MARTIN**, Defendants. | C.A. No. 19-12189-IT |

*********************************************************

### MOTION FOR NOTICE TO MEMBERS OF THE CLASS

In accordance with the Court's Memorandum & Order [Doc No. 73] dated March 22, 2023, Plaintiff Douglas C. Anderson ("Plaintiff Anderson"), pursuant to Fed. R. Civ. P. 23(c)(2)(B), moves that the Court approve the Notice to Class Members (attached hereto) to be sent via electronic and First-Class Mail to all members of the proposed class. In support of this Motion, Plaintiff Anderson states that IATSE, Local 11 believes that it has current electronic and mailing addresses for all members of the proposed class; and states further that the Notice to Class Members complies with the requirements of Rule 23(c)(2)(B), (i) – (vii).

The nature of Plaintiff Anderson's action against Defendants Martin Sports & Entertainment, LLC ("Martin Sports"), David Martin ("Mr. Martin"), and Theresa Martin ("Ms. Martin"), relates to an alleged violation of Defendants' obligation to pay wages pursuant to Mass. Gen. Laws ch. 49, § 148 ("Wage Act").  The Court has determined that Martin Sports and Mr. Martin are responsible for paying wages due to class members.  Whether Ms. Martin is personally liable remains an open question.

In its Memorandum & Order [Doc. No. 73], the Court determined that the following class members or additional plaintiffs are entitled to treble damages on the unpaid wages in the amount listed below that ART billed on their behalf:

- Sherwin Marcelle: $294.54
- Brendan Ritchie: $294.54
- Joseph St. Croix: $294.54
- Steven Bonarrigo: $368.17
- John C. Price: $350.61 and $368.17
- Mikaela Puopolo: $368.17
- Tracy T. Quigg: $438.26, $1,051.83, and $204.54
- Daniel R. Caplette: $662.71 and $441.81
- James B. Lavey: $662.71
- Bryan Phillips: $662.71
- Corey R. Prendergast: $662.71 and $441.81
- John Tammaro: $662.71
- Gary T. Thompson Jr.: $662.71
- Douglas C. Anderson: $441.81
- Kenneth Caruso: $441.81
- Arthur Davis: $441.81
- Susan Margaca: $441.81
- Dan Martinez: $441.81
- Brian A. Moore: $441.81 and $204.54
- Joseph Polish: $441.81 and $937.48
- Christopher Royle: $441.81
- David Skinner: $441.81
- Brian Weathers: $441.81
- Barry Dorion: $883.61 and $204.54
- David Hughes: $883.61
- James W. Mulrey III: $883.61
- John Nagaki-Dilazzaro: $204.54

- Bryan Salmon: $204.54
- Diana Grygo: $243.48
- Justin Brady: $528.40
- Karen O'Leary: $528.40
- James C. Crowley: $547.83
- Peter Kares: $568.12
- Jeremy Smith: $732.94
- Michael T. Quigg: $872.47
- Jeremy Ogungbadero: $937.48

More specifically, the class claims in the instant case hinge on Defendants' failure to pay Plaintiff Anderson – as well as the similarly situated individuals delineated above as certified class members – for work performed for Defendant Martin Sports. Notably, Plaintiff Anderson's Wage Act Claim relates back to the work he performed for Defendant Martin Sports on May 9, 12, 27, and/or 29, 2019[1].

In addition to granting Plaintiff Anderson's Motion [Doc. No. 57] as to both his request for class certification and his alternative request to add additional plaintiffs, as identified *supra,* the Court announced its intention to appoint "Anderson's counsel, Gabriel O. Dumont, of Feinberg, Dumont & Brennan, as class counsel under Rule 23(g)." While the undersigned counsel has been appointed as class counsel, class members receiving the Notice to Class Members nonetheless retain the right to enter an appearance through another attorney if the member wishes.

Pursuant to Fed. R. Civ. P. 23(b)(3), the Court will exclude from the class any member who requests exclusion. In order to timely opt-out of the class, members must inform the undersigned counsel and the Court, in writing, of their desire for exclusion no later than April 19, 2023.

---

[1] Class members' respective amounts owed will vary depending on date(s) worked, number of hours worked, and appropriate rate of pay.

Finally, it bears emphasis that a class judgment has a binding effect on all class members who elect to remain in the class; similarly, a class judgment has a binding effect on those class members who fail to timely opt-out of the class. Fed. R. Civ. P 23(c)(3).

April 5, 2023

Respectfully submitted,
For the Plaintiffs,

Colleen A. Glynn, Christopher P. Welling and Douglas C. Anderson,

By their Attorney,

*/s/ Gabriel O. Dumont, Jr.*
Gabriel O. Dumont, Jr.
BBO # 137820
Feinberg, Dumont, Brennan, & Liacos
177 Milk Street, Suite 300
Boston, MA 02109
(617) 338-1976
gdb@fdb-law.com

**CERTIFICATE OF SERVICE**

I, Gabriel O. Dumont, Jr., hereby certify that this document filed through the Court's CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and copies will be sent via First-Class Mail to those identified as non-registered participants.

Dated: April 5, 2023

*/s/ Gabriel O. Dumont, Jr.*
Gabriel O. Dumont, Jr., Esq.