**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| COLLEEN A. GLYNN, CHRISTOPHER P. WELLING, In their capacity as Trustees and Fiduciaries of ERISA Plans, | * | |
| And | * | |
| DOUGLAS C. ANDERSON, On his own behalf and on behalf of others similarly situated, Plaintiffs, | * | C.A. No. 1:19-cv-12189-IT |
| vs. | * | |
| MARTIN SPORTS & ENTERTAINMENT, LLC, DAVID MARTIN and THERESA MARTIN, Defendants. | * | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

There is or at least should be no dispute that Plaintiff Trustees and Plaintiff Class Representative are entitled to reasonable attorney fees pursuant to 29 U.S.C. §1132(g)(2)[1] and Mass. Gen. Laws c. 149, §150,[2] respectively.

[1] Section 1132(g)(2):
In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 [29 USCS § 1145] in which a judgment in favor of the plan is awarded, the court shall award the plan—
(A) the unpaid contributions,
(B) interest on the unpaid contributions,
(C) an amount equal to the greater of—
(i) interest on the unpaid contributions, or
(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
(E) such other legal or equitable relief as the court deems appropriate.

[2] "An employee so aggrieved who prevails in such an action shall be awarded treble damages, as liquidated damages, for any lost wages and other benefits and shall also be awarded the costs of the litigation and reasonable attorneys' fees."

By their motion, Plaintiffs seek an award of attorneys' fees of $45,326.25, representing a total of 123 hours of which 111 were performed by lead counsel Gabriel O. Dumont, Jr., with the remainder performed by Associate Brian Senior. The requested hourly rates are $375 and $300, respectively.

The analytical framework for determining the appropriate award of attorneys' fees is well-settled in the First Circuit. Thus, for example, the First Circuit, in *Pérez-Sosa v. Garland*, 22 F.4th 312, 321 (1st Cir., 2022), recently described that framework as follows:

> First, the court must "calculate the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are 'excessive, redundant, or otherwise unnecessary.'" *Cent. Pension Fund of the Int'l Union of Operating Eng'rs & Participating Emps. v. Ray Haluch Gravel Co*., 745 F.3d 1, 5 (1st Cir. 2014) (*quoting Hensley*, 461 U.S. at 434). Second, the court must identify "a reasonable hourly rate or rates — a determination that is often benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience, and competence." *Id*. Multiplying the results of the first two steps yields the lodestar amount. *See id*. The court may then elect to adjust the lodestar amount, either upward or downward, if the specific circumstances of the case warrant such an adjustment. *See Coutin v. Young & Rubicam P.R., Inc*., 124 F.3d 331, 337 & n.3 (1st Cir. 1997) (stating that court may adjust lodestar amount in accordance with twelve factors); *see also Perdue*, 559 U.S. at 554 (holding that enhancement is permitted only in "rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered").

**THE HOURS REQUESTED WERE REASONABLY EXPENDED.**

Plaintiffs are requesting that their attorneys be compensated for a total of 123 hours of which none were redundant. Given that Defendants vigorously pressed motions to dismiss and for summary judgment and similarly opposed class certification, the requested total of 123 hours clearly were reasonably expended and surely were not excessive.

**THE REQUESTED HOURLY RATES OF $375 AND $300 ARE REASONABLE.**

Plaintiffs are requesting that lead counsel Dumont be compensated at the rate of $375 per hour, while Associate Senior be compensated at a rate of $300 per hour. Plaintiffs contend that the requested hourly rate for Attorney Dumont is below market given his experience over more than

45 years of specialized practice; and that, particularly given that the requested rate is the lowest hourly rate that Attorney Dumont charges his clients, that hourly rate clearly is reasonable.

Accordingly, Plaintiffs respectfully state that the requested award of $45,326.25 in attorneys' fees is based on hours that were reasonably expended and on hourly rates that also are reasonable; and that, as such, this Honorable Court should grant Plaintiffs' Motion for Attorneys' Fees and Costs.

For the Plaintiffs,
**COLLEEN GLYNN, CHRISTOPHER WELLING AND DOUGLAS C. ANDERSON,**
By their Attorney,

*/s/Gabriel O. Dumont, Jr*.
Gabriel O. Dumont, Jr.
BBO#137820
**FEINBERG, DUMONT & BRENNAN**
177 Milk Street, Suite 300
Boston, MA 02109
(617) 338-1976
Cell (617) 733-4804
gd@fdb-law.com

July 31, 2023

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the Court's CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and copies will be sent via email or First-Class mail to those identified as non-registered users.

July 31, 2023

/s/*Gabriel O. Dumont, Jr.*
Gabriel O. Dumont, Jr.
BBO#137820